⚡ EFILED IN OFFICE
CLERK OF STATE COURT
RICHMOND COUNTY, GEORGIA
**2022RCSC00248**
PATRICIA W. BOOKER
FEB 25, 2022 09:41 AM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

## IN THE STATE COURT OF RICHMOND COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ELYCE JENNINGS AND KEVIN JENNINGS, <br><br> Plaintiffs, <br><br> vs. <br><br> THE TJX COMPANIES, INC. AND HOMEGOODS, INC., <br><br> Defendants. | **JURY TRIAL DEMANDED** <br><br> CIVIL ACTION <br> FILE NO. |

### COMPLAINT

Elyce Jennings and Kevin Jennings, who file this Complaint alleging negligence, strict liability and damages against the Defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs Elyce Jennings and Kevin Jennings are citizens and residents of Richland County, State of South Carolina. At all times relevant to this Complaint, Plaintiffs are husband and wife.

2.

Defendant The TJX Companies, Inc. (hereinafter "TJX") is a corporation licensed to do business in the State of Georgia and organized under the laws of the State of Delaware with its principal place of business located at 770 Cochituate Road, Framingham, MA, 01701. Defendant TJX is subject to the jurisdiction of this Court and may be served by serving the Summons and a copy of the Complaint on its registered agent, CT Corporation System 289 S Culver St. Lawrenceville, GA 30046-4805.

3.

Defendant HomeGoods, Inc. (hereinafter "HomeGoods") is a corporation licensed to do business in the State of Georgia and organized under the laws of the State of Delaware with its principal place of business located at 770 Cochituate Road, Framingham, MA, 01701. Defendant HomeGoods is subject to the jurisdiction of this Court and may be served by serving the Summons and a copy of the Complaint on its registered agent, CT Corporation System 289 S Culver St. Lawrenceville, GA 30046-4805.

4.

At all times relevant to this Complaint, Defendant HomeGoods acted as an agent or apparent agent of Defendant TJX and was acting within the course and scope of its agency with knowledge, authorization, or ratification, either express or implied, of Defendant TJX in the performance of the acts and/or omissions alleged in this Complaint.

5.

At all times relevant to this Complaint, Defendant HomeGoods was the mere alter ego, or instrumentality, of Defendant TJX. There is such unity of interest and ownership of Defendant TJX and Defendant HomeGoods that the separate personalities of the entities do not exist. Defendant HomeGoods is a subsidiary of Defendant TJX and identifies and represents itself to the public as a TJX corporation and maintains the same corporate leadership in their Chief Executive Officer, Chief Financial Officer, and Secretary. Upon information and belief, Defendant TJX controlled the business affairs and operations of Defendant HomeGoods as its parent company, which are both publicly traded on the New York Stock Exchange under the same stock symbol and can be identified as "TJX."

6.

At all times relevant to this Complaint, Defendant TJX and Defendant Homegoods acted in concert in the establishment, management, operation, and control of the importing, distribution, and sale of the "Nautica Outdoor Chair – Dept: 16, C0220, VS:DB01, Style: 117242, Type: 6, Cat: 3950, PO: 00728778, PAGE: 001, LINE: 001" (hereinafter "Nautica Chair") that collapsed and was the direct and proximate cause of Plaintiffs' injuries and damages. Defendant TJX and Defendant Homegoods combined their property, labor, and financial resources in a joint undertaking for profit, with rights of mutual control over the importing, distribution, and sale of the Nautica Chair, rendering them jointly liable to the Plaintiffs.

7.

Pursuant to O.C.G.A. § 9-10-93, venue in the above-styled civil action is proper in this County and Court as Defendants' acts and/or omissions that resulted in Plaintiffs' injuries and damages occurred in Richmond County, Georgia.

**BACKGROUND**

8.

On March 7, 2020, Plaintiffs were customers shopping for outdoor furniture at the HomeGoods store located at 2907 Washington Road in Augusta, Georgia. At all times relevant to this Complaint, Defendant TJX and Defendant Homegoods collectively and jointly managed, operated, and controlled the HomeGoods store that is located at 2907 Washington Road in Augusta, Georgia (hereinafter "HomeGoods Store"). All of the employees working at the aforementioned Homegoods Store were working within the course and scope of their employment on behalf and for the benefit of Defendant TJX and Defendant Homegoods. Defendant TJX and Defendant Homegoods are liable for the acts and/or omissions of those employees under the theories of respondeat superior, master/servant, principal/agent, and general agency principles.

9.

At all times are relevant to this Complaint, Defendant TJX and Defendant Homegoods acted in concert in the establishment, management, operation, and control of the importing, distribution, and sale of the all products, consumer goods, and items sold in the HomeGoods Store, including the Nautica Chair that is the subject of this litigation.

10.

At all times relevant to this Complaint, Plaintiffs were business invitees as to the Defendants.

11.

Once Plaintiffs entered the HomeGoods Store, they noticed two outdoor chairs set up next to each other as a display on Defendants' sales floor. Plaintiff Elyce Jennings sat in the chair on the right. Plaintiff Kevin Jennings sat in the chair on the left.

12.

As Plaintiff Elyce Jennings sat in the chair on the right, it immediately collapsed and propelled her backwards. Plaintiff Elyce Jennings attempted to catch herself with her right hand and the fall resulted in multiple injuries to her right shoulder, right hip, lower back, and neck. At all times relevant to this Complaint, Elyce Jennings sat in the Nautica Chair, which was its intended use as an outdoor chair and piece of furniture.

13.

Plaintiff Kevin Jennings sat in the chair on the right without incident.

14.

Both chairs appeared identical and without any defects before Plaintiffs approached and sat in the outdoor chairs. Plaintiffs had no knowledge of the condition of either chair prior to the collapse of the Nautica Chair.

15.

After the collapse of the Nautica Chair, Plaintiffs noticed the label below on the Nautica Chair that collapsed and injured Plaintiff Elyce Jennings.



16.

After the collapse of the Nautica Chair, Plaintiffs noticed the label below on the outdoor chair that Plaintiff Kevin Jennings sat in.



17.

Plaintiffs were unaware and did not discover the labels in pictured paragraphs 15 and 16 until after the Nautica Chair collapsed.

18.

Prior to the Nautica Chair collapse, it was on display and the Defendants permitted and invited their customers to sit in the chairs.

19.

Prior to the Nautica Chair collapse, Plaintiffs were unaware of the defective condition of the outdoor chairs that were on display in Defendants HomeGoods Store; specifically, the Nautica Chair.

20.

At all times relevant to this Complaint, there were no warnings as to the defective condition of the Nautica Chair and unreasonably dangerous defects existing in Defendants' HomeGoods Store.

21.

At all times relevant to this Complaint, Defendants had superior knowledge of any and all unreasonably dangerous defects existing in Defendants' HomeGoods Store as compared to the Plaintiffs. Upon information and belief, Defendants' employees, servants, and/or agents affixed the labels, stickers, and writings on the photographs in paragraphs 15 and 16.

22.

At all times relevant to this Complaint, Defendants had superior knowledge of condition Nautica Chair as compared to the Plaintiffs.

23.

At all times relevant to this Complaint, Plaintiffs did not contribute to the above referenced incident and used the outdoor chairs appropriately for their intended and customary use.

24.

As a direct and proximate result of the Nautica Chair collapse, Plaintiff Elyce Jennings suffered the following injuries and damages:

a. extensive pain, mental anguish, suffering and discomfort;

b. disability for a period of time, past and future;

c. money spent for medical care and treatment, which presently amounts to at least $262,460.01;

d. money spent for medical care and treatment, past, present and future;

e. inability to carry on normal activities;

f. permanent injuries and partial disability;

g. emotional trauma and distress;

h. loss of enjoyment of life; and,

i. time and wages lost from her job, which presently amounts to at least $12,591.50.

25.

As a direct and proximate result of the Nautica Chair collapse, Plaintiff, Plaintiff Kevin Jennings suffered the following injuries and damages:

a. Loss of consortium;

b. Loss of revenue and earnings;

c. Loss of relationships and companionship;

d. Loss of love, affection, aid, services and society;

    e. Loss of enjoyment, comfort, and other rights and duties growing out of the covenants of marriage; and,

    f. time and wages lost from his job

## COUNT I - NEGLIGENCE
### Against Defendants The TJX Companies, Inc. and HomeGoods, Inc.

26.

Plaintiffs re-allege and incorporates herein the allegations contained in Paragraphs 1 through 25 above as if fully restated.

27.

At all times relevant to this Complaint, Defendant TJX and Defendant HomeGoods collectively and jointly owned, operated, and managed the HomeGoods Store where the Nautica Chair collapsed.

28.

At all times relevant to this Complaint, Defendant TJX and Defendant HomeGoods knew or should have known that the Plaintiffs, their customers, business invitees, and the public at large would sit in outdoor chairs displayed in their store.

29.

At all times relevant to this Complaint, Defendants owed the Plaintiffs, their customers, business invitees, and the public at large the following duties as it relates to the HomeGoods Store:

    a. to maintain their store in a reasonably safe condition;

    b. to inspect their store for any known, hidden and/or unreasonably dangerous defects;

    c. to warn of any known, hidden and/or unreasonably dangerous defects;

    d. to remedy any and all known or hidden unreasonably dangerous defects existing in their store;

    e. to follow and comply with all applicable laws, regulations, and codes;

    f. to inspect, warn, and remedy defective products that are available to their customers, business invitees, the general public, and the Plaintiffs;

    g. to take reasonable steps and actions to prevent injuries to their customers, including the Plaintiffs.

30.

At all times relevant to this Complaint, Defendants owed the Plaintiffs, their customers, business invitees, and the public at large the following duties as it relates to consumer goods, products, and items they have for sale in their HomeGoods Store:

    a. to maintain their consumer goods, products, and items for sale in a reasonably safe condition;

    b. to inspect their consumer goods, products, and items for sale for any known, hidden and/or unreasonably dangerous defects;

    c. to warn of any known and/or hidden unreasonably and dangerous defective consumer goods, products, and items for sale;

    d. to remedy and/or remove any and all known and/or hidden unreasonably and dangerous defective consumer goods, products, and items for sale existing in their store;

    e. to follow and comply with all applicable laws, regulations, and codes; and,

    f. to take reasonable steps and actions to prevent injuries to their customers, including the Plaintiffs.

31.

Based on the photographs depicted in paragraphs 15 and 16, Plaintiffs further allege in the alternative that Defendants sold the Nautica Chair to a member of the general public and the member of the general public returned the Nautica Chair to the Defendants, which the Defendants remarked the Nautica Chair at a discounted price with a red price tag and hand wrote "AS IS" on the chair. Upon information and belief, Plaintiff further alleges in the alternative that the member of the general public returned the Nautica Chair because it was defective and unreasonably dangerous and/or that the Nautica Chair was subject to a product recall. Defendants knew or should have known that the Nautica Chair was defective and unreasonably dangerous when it was returned to the Defendants by the member of the general public.

32.

At all times relevant to this Complaint, Defendants owed the Plaintiffs, their customers, business invitees, and the public at large the following duties as it relates to consumer goods, products, and items that were initially purchased, returned to their store, and Defendants attempted to resell:

a. to maintain their consumer goods, products, and items for re-sale in a reasonably safe condition;

b. to inspect their consumer goods, products, and items for re-sale for any known, hidden and/or unreasonably dangerous defects;

c. to warn of any known or hidden unreasonably and dangerous defective re-sale consumer goods, products, and items for sale;

    d. to remedy and/or remove any and all known or hidden unreasonably and dangerous defective re-sale consumer goods, products, and items for sale existing in their store; and,

    e. to follow and comply with all applicable laws, regulations, and codes; and,

    f. to take reasonable steps and actions to prevent injuries to their customers, including the Plaintiffs.

33.

The injuries and damages incurred by the Plaintiffs were directly and proximately caused by the Defendants' careless, negligent, grossly negligent, willful, wanton, reckless, and unlawful acts in one or more of the following particulars:

    a. in failing to maintain their store in a reasonably safe condition;

    b. in failing to inspect their store for any hidden and unreasonably dangerous defects;

    c. in failing to warn of any known, hidden and unreasonably dangerous defects;

    d. in failing to remedy any and all known unreasonably dangerous defects existing in their store;

    e. in failing to inspect, warn, and remedy defective products that are available to their customers, business invitees, the general public, and the Plaintiffs;

    f. in failing to maintain their consumer goods, products, and items for sale in a reasonably safe condition; in particular, the Nautica Chair;

    g. in failing to inspect their consumer goods, products, and items for sale for any known, hidden, and/or unreasonably dangerous defects; in particular, the Nautica Chair:

    h. in failing to warn of any known, hidden and/or unreasonably and dangerous defective consumer goods, products, and items for sale; in particular, the Nautica Chair;

i.  in failing to remedy and/or remove any and all known unreasonably and dangerous defective consumer goods, products, and items for sale existing in their store; in particular, the Nautica Chair;

j.  in failing to maintain their consumer goods, products, and items for re-sale in a reasonably safe condition; in particular, the Nautica Chair;

k.  in failing to inspect their consumer goods, products, and items for re-sale for any hidden and unreasonably dangerous defects; in particular, the Nautica Chair;

l.  in failing to warn of any known, hidden and/or unreasonably and dangerous defective consumer goods, products, and items for sale; in particular, the Nautica Chair;

m.  in failing to remedy and/or remove any and all known and/or hidden unreasonably and dangerous defective re-sale consumer goods, products, and items for sale existing in their store; in particular, the Nautica Chair;

n.  in failing to follow and comply with all applicable laws, regulations, and codes;

o.  in failing to utilize publicly and readily available information in regard to consumer goods, products, and items import, distribute, sell, and resell in their stores; and,

g.  in failing to take reasonable steps and actions to prevent injuries to their customers, including the Plaintiffs.

34.

The injuries and damage suffered by the Plaintiffs were or should have been reasonably foreseeable to the Defendants.

35.

Defendants' careless, negligent, willful, wanton, reckless and unlawful acts were the direct and proximate cause of the resulting injuries and damages to the Plaintiffs.

36.

Plaintiffs are informed and believe that they are entitled to judgment against the Defendants for actual and punitive damages in an appropriate amount.

## COUNT II – STRICT PRODUCTS LIABILITY
### Against Defendants The TJX Companies, Inc. and HomeGoods, Inc.

37.

Plaintiffs re-allege and incorporates herein the allegations contained in Paragraphs 1 through 36 above as if fully restated.

38.

At all times relevant to this Complaint, Defendant TJX and Defendant HomeGoods are importers of consumer products and goods pursuant to 15 U.S.C § 2052. Defendants are also manufacturers pursuant to 15 U.S.C § 2052 as Defendants import consumer products and goods. Further, publicly available information demonstrates and identifies the Defendants as importers of consumer goods according to the United States Consumer Product Safety Commission.

39.

At all times relevant to this Complaint, Defendants had duty of reasonable care to ensure that the consumer goods they imported, distributed and sold were designed, developed, manufactured, tested, marketed, imported, and distributed were non-defective, including the Nautica Chair, and reasonably safe for their intended uses.

40.

Defendant breached this duty when they imported, distributed, and placed into the stream of commerce a defective an unreasonably dangerous product which posed a serious safety hazard to their customers and users, like the Plaintiffs.

41.

The Nautica Chair was defective in its design, manufacture, and assembly to the extent that the materials used in the construction of the product were not sufficient to bear the appropriate weight without collapse and it was not designed appropriately for the Nautica Chairs' intended use as a piece of outdoor furniture, which rendered the consumer good in an unreasonably dangerous and defective condition.

42.

At the time the Defendants imported, distributed, and placed in the stream of commerce, the Nautica Chair was unfit for its ordinary and expected use as it was defective and unreasonably dangerous to users.

43.

At all times relevant to this Complaint, the Nautica Chair that was the direct and proximate result of Plaintiffs' injuries and damages is a consumer product pursuant to 15 U.S.C § 2052.

44.

At all times relevant to this Complaint, Defendants imported, distributed, displayed for sale, and attempted to sell the Nautica Chair when it was not merchantable and reasonably suited to the use intended, which rendered it in an unreasonably dangerous and defective condition.

45.

At all times relevant to this Complaint, Defendants failed to warn the Plaintiffs of the unreasonably dangerous and defective condition of the Nautica Chair and the Defendants know or should have known that the Nautica Chair was unreasonably dangerous and defective prior to the collapse that was the direct and proximate cause of the Plaintiffs' injuries and damages.

46.

At all times relevant to this Complaint, Defendants are subject to O.C.G.A. § 51-1-11 and

are strictly liability to the Plaintiffs for the injuries and damages they sustained as a direct and proximate result of the collapse of the defective Nautica Chair.

47.

Plaintiffs are informed and believe that they are entitled to judgment against the Defendants for actual and punitive damages in an appropriate amount.

## DAMAGES
### Against All Defendants

48.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 47 above as if fully restated.

49.

As a direct and proximate result of the Defendants' acts and omissions, Elyce Jennings suffered injuries and damages, including medical and other necessary expenses, inability to carry on normal activities, permanent injuries and disability, loss of enjoyment of life, time and wages lost from her job, and mental and physical pain and suffering.

50.

As a direct and proximate result of Defendant's acts and omissions, Kevin Jennings suffered injuries and damages, including loss of consortium, loss of revenue and earnings, loss of relationship and companionship, loss of love, affection, aid, services and society, loss of enjoyment, comfort, and other rights and duties growing out of the covenants of marriage.

## PUNITIVE DAMAGES
### All Defendants

51.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 46 above as if fully restated.

52.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles the Plaintiffs to an award of punitive damages.

**WHEREFORE,** the Plaintiffs pray that they have a trial on all issues and judgment against the Defendants as follows:

- a) That process and Summons are issued, as provided by law, requiring Defendants to appear and answer Plaintiffs' Complaint;
- b) That service be had upon Defendants as provided by law;
- c) That Plaintiffs recover actual and punitive damages against the Defendants;
- d) That Plaintiffs recover reasonable attorneys' fees and costs of litigation;
- e) That Plaintiffs recover such other and further relief as is just and proper; and,
- f) That all issues be tried before a jury.

This 16th day of February, 2022

CHAPPELL, SMITH & ARDEN, P.A.

*s/ Jacob D. Born*
Jacob D. Born
Georgia Bar No. 304080
Post Office Box 12330
Columbia, South Carolina 29211
(803) 929-3600 phone
(803) 929-3604 fax

Attorney for Plaintiffs